CANADY, J.,
dissenting.,
Although I originally voted to grant jurisdiction in this case, I have now concluded that, there is no conflict between the case on review and our decision in Nelson. Accordingly, I would discharge this case.
The holding in Nelson was that “a facially sufficient postconviction motion alleging the ineffectiveness of counsel for failing to call certain witnesses must include an assertion that those witnesses would in fact have been available to testify at trial.” 875 So.2d at 584. But the decision of the .Fourth District in Lucas contains no holding on that issue. Regarding the disputed claim, the only error identified in Lucas is the trial court’s failure “to follow” the Fourth District’s “binding precedent” that there is no requirement for a “ ‘defendant to provide the name of a particular expert whére the defendant claims that trial counsel failed to secure an expert in a named field of expertise.’” 147 So.3d at 612 (quoting Terrell v. State, 9 So.3d 1284, 1289 (Fla. 4th DCA 2009)). Although the Fourth District’s opinion mentions the trial court’s determination that the motion was facially insufficient because it did not “allege that the witness was available to testify at trial,” id. (citing Nelson, 875 So.2d at 583), it contains no discussion of that determination. Thus, there is not a sufficient basis to determine that conflict'exists between Lucas and Nelson.
If the majority believes that Lucas contains a holding relating to the failure to allege availability to testify at trial that is in conflict with Nelson’s holding on that issue, the majority should either quash Lucas or expressly recede from Nelson’s holding 'to the extent that it applies to expert witnesses. It is illogical for the *1035 Court to exercise conflict jurisdiction based on a conflict with one of our prior decisions, then approve the decision on review but fail to recede at least in part from our prior decision. If there is conflict between the holdings of two decisions, there must be an error in one of the two decisions. The Court should identify which decision contains the error.
POLSTON, J., concurs.